IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | |
| v. | : | |
| **$9,584.00 in U.S. CURRENCY, and** | : | Civil No. |
| **One Breitling Super Avenger Aeromarine Watch, Serial No. 2601840,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

: : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, the UNITED STATES OF AMERICA, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1.   This is a civil forfeiture action against properties involved in violations of the Controlled Substances Act that are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## THE DEFENDANTS *IN REM*

2.   The defendants are $9,584.00 in United States currency and one Breitling Super Avenger Aeromarine watch, serial number 2601840 (hereinafter, "the Defendant Properties") seized on May 8, 2014, by the Baltimore City Police Department from the residence of Devin Darrell Ross at 1544 Oakridge Road, Apartment 2, Baltimore, Maryland.

3.      The Defendant Properties were subsequently placed in the custody of the Drug Enforcement Administration in the District of Maryland where they remain.

## JURISDICTION AND VENUE

4.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Currency. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881.

5.      This court has *in rem* jurisdiction over the Defendant Currency under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7.      The Defendant Properties are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because they constitute: (1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of David H. Clasing, Task Force Officer of the Drug Enforcement Administration, which is incorporated herein by reference.

**WHEREFORE**, plaintiff, the United States of America, prays that all persons who reasonably appear to be potential claimants with interests in the Defendant Properties be cited to appear herein and answer the Complaint; that the Defendant Properties be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the United States Marshals Service dispose of the Defendant Properties according to law; and that the plaintiff have such other and further relief as this Court deems proper and just.

Date: 9/12/14

Respectfully submitted,

Rod J. Rosenstein
UNITED STATES ATTORNEY
District of Maryland

_____
Stefan D. Cassella
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
Tel: (410) 209-4800

## **DECLARATION**

This affidavit is submitted in support of a complaint for forfeiture of $9,584.00 in United States currency and one Breitling Super Avenger Aeromarine watch, serial number 2601840, seized from Devin Darrell Ross at 1544 Oakridge Road, Apartment 2, Baltimore, Maryland 21218.

I, David H. Clasing, Task Force Officer of the Drug Enforcement Administration, submit that there are sufficient facts to support a reasonable belief that the $9,584.00 in United States currency constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841 and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

   a. Since December 2013, members of the Baltimore City Police Department ("the BCPD") had been conducting an investigation into the illicit heroin, cocaine, and scheduled prescription drug distribution scheme of Edwin Manuel Guzman ("Guzman"), Juan Alexy Cruz ("Cruz") and the co-conspirators within their drug trafficking organization.

   b. On March 21, 2014, BCPD Detectives Thorn ("Det. Thorne") and Kriete ("Det. Kriete") presented an affidavit in support of an application for the interception of telephonic wire communications for Guzman and his associated cellular phone number, xxx-xxx-1877, and Cruz and his associated cellular phone numbers, xxx-xxx-4477, xxx-xxx-4708, xxx-xxx-1236, and xxx-xxx-9538.

   c. On March 25, 2014, at 10:44 p.m., an incoming call was intercepted from xxx-xxx-6837, utilized by Devin Darrell Ross ("Ross"), to xxx-xxx-1236, utilized by Cruz. During the call, Ross told Cruz that he needs to "see him on the 112 tomorrow" and that he is "on the floor." Cruz acknowledged Ross. After a brief conversation, the call was terminated.

   d. Through training, knowledge, and experience, BCPD detectives know that when Ross tells Cruz that he needs to "see him on the 112 tomorrow," Ross is requesting 112 grams of cocaine. The phrase "on the floor" indicates that Ross is out of cocaine.

e. On March 26, 2014, at 3:53 a.m., an outgoing text was intercepted from xxx-xxx-1236, utilized by Cruz, to xxx-xxx-4396, utilized by Javier Francisco Villegas Cotto ("Cotto"). The text reads as follows: "112 call me in the morning."

f. Through training, knowledge, and experience, BCPD detectives know that Cruz was telling his cocaine source of supply that he has a transaction lined up for 112 grams of cocaine.

g. On March 26, 2014, at 9:45 a.m., an outgoing call was intercepted from xxx-xxx-1236, utilized by Cruz, to xxx-xxx-3403, utilized by Cotto. During the call, the conversants spoke in Spanish. This conversation was translated by Detective Gargurevich. Cruz inquired as to why Cotto did not call him back after Cruz sent him a text on his other phone (xxx-xxx-4396). Cruz then told Cotto that he wants "112." Cotto told Cruz that he will "check with his people" and let him know.

h. Through training, knowledge, and experience, BCPD detectives know that Cotto is a cocaine source of supply for Cruz' drug organization. Cruz is acting as a broker for his organization as he facilitates the pipeline for cocaine from Cotto's cocaine connection to Ross.

i. On March 26, 2014, at 10:43 a.m., an incoming call was intercepted from xxx-xxx-3403, utilized by Cotto, to xxx-xxx-1236, utilized by Cruz. During the call, the conversants spoke in Spanish. This conversation was translated by Detective Gargurevich. Cotto told Cruz that "everyone is ready," and Cruz responded saying, "Okay, I am getting up now."

j. On March 26, 2014, at 11:22 a.m., an incoming call was intercepted from xxx-xxx-6837, utilized by Ross, to xxx-xxx-1236, utilized by Cruz. During the call, Ross told Cruz that he "just woke up" and that he is "ready."

k. On March 26, 2014, at 11:23 a.m., an outgoing call was intercepted from xxx-xxx-1236, utilized by Cruz, to xxx-xxx-3403, utilized by Cotto. During the call, the conversants spoke Spanish. This conversation was translated by Detective Bridges. During the call, Cruz told Cotto that he is going to pick him up, and Cotto agreed.

l. On March 26, 2014, at 12:30 p.m., an outgoing call was intercepted from xxx-xxx-1236, utilized by Cruz, to xxx-xxx-6837, utilized by Ross. During the call, Cruz told Ross that he was about to meet with his source and that he would call Ross on his way back.

m. On March 26, 2014, at 1:45 p.m., an incoming call was intercepted from xxx-xxx-6837, utilized by Ross, to xxx-xxx-1236, utilized by Cruz. During the call, Ross asked Cruz how he was doing. Cruz told Ross that he was driving to meet the source now and that he would call Ross on his way back. Cruz estimated a 20-25 minute time frame.

n. On March 26, 2014, as a result of intercepting the above calls, detectives were tasked with following Cruz to identify his source of supply in the Cherry Hill neighborhood of

Baltimore City. Detectives were advised that Cruz would be picking up Cotto, who had arranged a meeting between Cruz and the source of supply. Upon conclusion of this meeting, Cruz had arranged to meet with Ross at another location.

o. The following events occurred during the BCPD's surveillance:

1. 12:49 p.m.: Cruz exited his residence, placed a bag in the trunk of his 1998 white Dodge Intrepid, Maryland registration 9ELH23 ("the Dodge"), then entered the Dodge.

2. 1:01 p.m.: The Dodge arrived at Eastpoint Mall ("the mall") and parked near the Applebees restaurant. Cruz entered the mall and walked to the rear of the One World Salon and Barbershop.

3. 1:36 p.m.: Cruz exited the mall with Cotto. They entered the Dodge with Cotto driving, then exited the mall via Eastern Avenue. The Dodge proceeded down Eastern to I-895, then proceeded south on I-895 through the Harbor Tunnel.

4. 2:02 p.m.: The Dodge exited I-895 at the first exit after the toll then proceeded to Hanover Street. From Hanover, the Dodge turned left at Reedbird Avenue into the Cherry Hill neighborhood. Surveillance observed the Dodge at Cherry Hill Road and Terra Firma Road.

5. 2:08 p.m.: The Dodge pulled up to the corner of Cherry Hill Road and Terra Firma Road and picked up Yamil Osorio Fuentes ("Fuentes"). A BCPD detective observed Fuentes waiting several minutes prior to the arrival of the Dodge. The Dodge then proceeded to the front of 2301 Terra Firma Road and stopped for a short time, then continued on Terra Firma Road towards Jonas Avenue.

6. By the time the BCPD detective was able to turn onto Jonas Avenue, the Dodge was out of his sight and Fuentes was no longer in the Dodge. The Dodge then turned from Jonas Avenue back on to Cherry Hill Road.

p. On March 26, 2014, at 2:14 p.m., an outgoing call was intercepted from xxx-xxx-1236, utilized by Cruz, to xxx-xxx-6837, utilized by Ross. During the call, Cruz told Ross that he wants to meet at "Vinny's." Ross agreed to meet.

q. Subsequently, the following events occurred during the BCPD's surveillance:

1. 2:14 p.m.: The Dodge turned from Reedbird Avenue on to Potee Street and headed back towards I-895. BCPD detectives were advised that Cruz had contacted Ross and arranged to meet at Vinny's. Detectives then followed the Dodge back on to I-895 North to Holabird Avenue where it proceeded to Vinny's Café, 6212 Holabird Avenue.

   2. 2:29 p.m.: The Dodge parked at Vinny's Café. Both Cruz and Cotto exited the Dodge and entered Vinny's Café.

   3. 2:36 p.m.: Cruz exited Vinny's Café with Ross, then entered the Dodge.

   4. 2:37 p.m.: Cruz and Ross exited the Dodge and went back into Vinny's Café.

   5. 2:47 p.m.: Ross exited Vinny's Café, walked to and entered a brown Infiniti, Maryland registration A250125 ("the Infiniti"), then drove off the lot on Holabird Avenue heading towards Broening Highway.

   6. The BCPD detective who followed the Infiniti was able to get close enough to positively identify the driver as Ross.

r. On March 27, 2014, at 3:08 p.m., an outgoing call was intercepted from xxx-xxx-1236, utilized by Cruz, to xxx-xxx-6837, utilized by Ross. During the call, Ross advised Cruz that he wants "158."

s. Through training, knowledge, and experience, BCPD detectives know that Ross is ordering 158 grams of cocaine.

t. On March 27, 2014, at 3:14 p.m., an outgoing call was intercepted from xxx-xxx-1236, utilized by Cruz, to xxx-xxx-6837, utilized by Ross. During the call, Cruz told Ross that it will be "87" (not the "158" Ross had asked for). Ross told Cruz that he was on his way.

u. On March 27, 2014, at 4:01 p.m., an incoming call was intercepted from xxx-xxx-6837, utilized by Ross, to xxx-xxx-1236, utilized by Cruz. During the call, Cruz told Ross that he was near the Applebees restaurant. Ross said that he was near the food court. Both agreed to meet near the DSW Shoes store.

v. A check of Cruz's cellular phone coordinates indicated that his phone, xxx-xxx-1236, was located at Eastpoint Mall, 7801 Eastern Boulevard, in Baltimore County, Maryland. BCPD detectives are familiar with Eastpoint Mall and know that the conversants are talking about establishments in the mall.

w. On March 27, 2014, at 4:18 p.m., an outgoing call was intercepted from xxx-xxx-1236, utilized by Cruz, to xxx-xxx-6837, utilized by Ross. During the call, Cruz told Ross that he was short on payment by $40.00. Cruz said that Ross gave him $3,440.00, but it should have been $3,480.00. Ross acknowledged the mistake and agreed to meet back with Cruz.

x. Through training, knowledge, and experience, BCPD detectives know that Ross paid $3,480.00 for 87 grams of cocaine. Ross purchased the cocaine from Cruz at 7801 Eastern Boulevard, in Baltimore County, Maryland.

y. Based on this information and other observations during this investigation, members of the BCPD obtained a search and seizure warrant for Ross's residence located at 1544 Oakridge Road, Apartment 2, Baltimore, Maryland 21218 ("the residence").

z. On May 8, 2014, the BCPD executed the search and seizure warrant.

aa. Ross and Kemya Gardner ("Gardner") were located in the residence. No other persons were located in the residence.

bb. Ross is the only person who resides at the residence.

cc. Members of the BCPD located $9,584.00 in United States currency ("the currency") in a dresser drawer in the residence.

dd. The currency was packaged in $1,000 bundles.

ee. The BCPD seized the currency as drug proceeds.

ff. Members of the BCPD also seized a Breitling Super Avenger Aeromarine watch, serial number 2601840.

gg. Ross has multiple prior convictions for drug violations.

hh. At the time of the search, Ross was unemployed.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. § 1746 THAT THE FACTS SUBMITTED BY THE BALTIMORE CITY POLICE DEPARTMENT, IN REFERENCE TO THE SEIZURE OF $9,584.00 IN UNITED STATES CURRENCY AND ONE BREITLING SUPER AVENGER AEROMARINE WATCH, SERIAL NUMBER 2601840, FROM DEVIN DARRELL ROSS ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

David H. Clasing
Task Force Officer
Drug Enforcement Administration

## **VERIFICATION**

I, John J. Truex Chung, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Drug Enforcement Administration and that everything contained therein is true and correct to the best of my knowledge and belief.

Date: 9/12/2014

John J. Truex Chung
Contract Attorney
Forfeiture Support Associates, LLC

**MEMORANDUM**

| | |
|---|---|
| DATE: | September 15, 2014 |
| TO: | Kristine Cupp<br>U.S. Marshal Service |
| FROM: | Jennifer Stubbs<br>Paralegal Specialist<br>U.S. Attorney's Office - District of Maryland |
| RE: | **U.S. v. $9,584.00 in U.S. CURRENCY and One Breitling Super Avenger Aeromarine Watch, Serial No. 2601840**<br><br>**Civil Action No.**<br><br>CATS ID 14-DEA-598423, 14-DEA-599160<br>Agency Case No. – GC-14-0083 |

The United States has filed a forfeiture action against **$9,584.00 in U.S. CURRENCY, and One Breitling Super Avenger Aeromarine Watch, Serial No. 2601840.** A copy of the Complaint for Forfeiture is attached.

Notice of this seizure will be published at www.forfeiture.gov pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

Thank you.

Attachment

1

U.S. Department of Justice  
United States Marshals Service

**PROCESS RECEIPT AND RETURN**  
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| United States of America | |
| **DEFENDANT** | **TYPE OF PROCESS** |
| $9,584.00 in U.S. CURRENCY and One Breitling Super Avenger Aeromarine Watch | Verified Complaint in Rem |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN  
GC-14-0083/14-DEA-598423 & 14-DEA-599160

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

Jennifer Stubbs, Paralegal Specialist  
U.S. Attorney's Office  
36 S. Charles Street, 4th Floor  
Baltimore, Maryland 21201

| | |
|---|---|
| Number of process to be served with this Form 285 | |
| Number of parties to be served in this case | |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service)*:

Fold                                                                                                                                                      Fold

Signature of Attorney other Originator requesting service on behalf of:   ☐ PLAINTIFF   ☐ DEFENDANT   TELEPHONE NUMBER: 410-209-4800   DATE: 9/15/14

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. ___ | District to Serve No. ___ | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

☐ A person of suitable age and discretion then residing in defendant's usual place of abode

Address *(complete only different than shown above)*

| Date | Time | ☐ am ☐ pm |
|---|---|---|

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | $0.00 |

REMARKS:

**DISTRIBUTE TO:**   1. CLERK OF THE COURT  
2. USMS RECORD  
3. NOTICE OF SERVICE  
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.  
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285  
Rev. 11/13